IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DOUGLAS NEAL CROWE, JR., <br><br> Plaintiff, <br><br> v. <br><br> OFFICER F/N/U HAYES, <br><br> Defendant. | No. 2:18-cv-02885-MSN-tmp |

**ORDER REGARDING SERVICE OF PROCESS**

Plaintiff Douglas Neal Crowe, Jr. filed his *pro se* complaint on December 28, 2018, seeking relief pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On February 4, 2019, the Court granted Crowe leave to proceed *in forma pauperis* and assessed the $350 civil filing fee. (ECF No. 5.) On August 1, 2019, the Court partially dismissed the complaint and directed that process be issued and served on Defendant Hayes pursuant to Fed. R. Civ. P. 4(e). (ECF No. 19.) Summons issued to Hayes on August 2, 2019. (ECF No. 20.) On August 29, 2019, the summons to Hayes was returned unexecuted. (ECF No. 21 at PageID 20 (stating that personnel at West Tennessee State Prison "do not know who this individual [Hayes] is").) On November 15, 2019, Crowe filed a letter stating that he "has written the warden and assistant warden at the prison requesting the location of Defendant Hayes[,] and [Crowe] has not been given the address of Defendant." (ECF No. 23 at PageID 95.)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part:

If a defendant is not served within 90 days after the complaint is

> filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

In this case, more than 90 days have passed since the summons issued to Hayes on August 2, 2019. (ECF No. 20.) There is some evidence that Crowe has allegedly tried once to cure the service failure, albeit unsuccessfully. (*See* ECF No. 23.) Crowe supposedly reached out to West Tennessee State Prison's warden and assistant warden to obtain Hayes' current address. (*Id.* at PageID 95.) In order to avail himself of Fed. R. Civ. P. 4(c)(3) and 28 U.S.C. § 1915(d) — *i.e.*, enlist the U.S. Marshals Service to serve process — Crowe must take reasonable steps to provide the Clerk of Court, and hence the U.S. Marshal Service, with sufficiently specific and accurate information about the location of Defendant Hayes to enable the U.S. Marshal Service to accomplish service in a timely manner. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996) ("United States Marshal . . . must . . . effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint"). Crowe seems to be trying to locate Hayes, although his method has been unsuccessful thus far. Crowe "seeks the assistance of the Court" to obtain Hayes's address. (*Id.*) It is not within the province of the Court to provide legal assistance to litigants. *See, e.g.*, *Pliler v. Ford,* 542 U.S. 225, 231 (2004). Neither Crowe's *pro se* status nor his incarceration constitute good cause for the lack of service. *See Rose v. U.S. Postal Service*,

352 F. App'x 82 (7th Cir. 2009) (citing *McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001)).

Accordingly, Crowe is **ORDERED** to provide an updated address for Defendant Hayes—other than the address used initially by the U.S. Marshal Service on August 5, 2019 (*see* ECF No. 21 at PageID 90–91)—so that the U.S. Marshal Service can attempt service of process a second time. If Hayes is not served with process within ninety (90) days of the date of this Order, the Court will dismiss this case under Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED** this 14th day of March, 2022.

> *s/ Mark Norris*
> MARK S. NORRIS
> UNITED STATES DISTRICT JUDGE